# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 328 | **DATE** | January 24, 2012 |
| **CASE TITLE** | Marcatante et al vs. City of Chgo | | |

**DOCKET ENTRY TEXT**

The Court awards costs in the amount of $2,629.69.

■[ For further details see text below.]  Docketing to mail notices.

### ORDER

This case comes before the Court on the bill of costs of Defendant City of Chicago ("Defendant"). For the reasons stated below, the Court awards costs in the amount of $2,629.69 to Defendant.

Plaintiffs John Marcatante, John Klaes, Jerry Whitley, and Thomas Sadowski (collectively, "Plaintiffs") filed a class action suit against Defendant, alleging due process and equal protection claims under 42 U.S.C. § 1983 and state law claims for breach of express contract and breach of implied contract. On March 31, 2008, the Court granted summary judgment in favor of Defendant on the due process claims, equal protection claim, and express contract claim and granted summary judgment in favor of Plaintiffs on the implied contract claim. On July 14, 2010, the Court entered judgment awarding, among other things, $1,773,502.62 in retroactive pay to Plaintiffs.

On August 24, 2011, the United States Court of Appeals for the Seventh Circuit affirmed in part and reversed in part this Court's prior ruling and remanded with instructions to enter summary judgment for Defendant on Plaintiffs' implied contract claim. The Seventh Circuit's judgment stated "Each side to bear own cost." Pursuant to the Seventh Circuit's ruling, on October 27, 2011, this Court entered final judgment in favor of Defendant on Plaintiffs' implied contract claim.

On November 28, 2011, Defendant filed a bill of costs, seeking to recover $3,387.09. Specifically, Defendant requests $90.00 for service of summonses and subpoenas, $1411.89 for deposition costs, $81.00 for witnesses, and $1804.20 for exemplification and copies of papers.

A prevailing party may recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of

| ORDER |
|---|

making copies of any materials for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters.

   Plaintiffs state several objections to Defendant's bill of costs. First, Plaintiffs contend that this Court should deny Defendant's bill of costs because the Seventh Circuit's order stated "Each side to bear own cost." A prevailing party may recover certain costs relating to both district court and appellate court proceedings. Fed. R. Civ. P. 54(d)(1); Fed. R. App. P. 39. When the appellate court's order states that each party will bear its own costs, the ruling refers only to those costs taxable in the appellate court. *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 448 (7th Cir. 2007). Thus, the Seventh Circuit's order relates only to the costs taxable in the appellate court and does not infringe on Defendant's right to recover costs under Rule 54(d)(1) and 28 U.S.C. § 1920.

   Second, Plaintiffs argue that Defendant's bill of costs is not timely with respect to any claim other than Plaintiffs' implied contract claim because the Court dismissed Plaintiffs' other claims on July 14, 2010, and Defendant did not file a bill of costs within 30 days of that date. The prevailing party must file a bill of costs within 30 days of the entry of a judgment allowing costs. N.D. Ill. L.R. 54.1(a). The prevailing party is the party in whose favor judgment has been entered. *Republic*, 481 F.3d at 446. Although the Court dismissed several claims against Defendant, the Court awarded a large sum of money in favor of Plaintiffs and therefore Plaintiffs were the prevailing party. Because Defendant was not the prevailing party, Defendant had no right to file a bill of costs following the July 14, 2010 Judgment.

   Finally, Plaintiffs object to Defendant's recovery of in-house copying costs. Plaintiffs argue, and Defendant concedes, that Defendant can only recover for the cost of one copy of each document. Accordingly, Defendant cannot recover for the cost of copying 3,787 duplicate pages (at $0.20 per page) and the Court reduces Defendant's request for costs by $757.40. Plaintiffs also argue that Defendant cannot recover $0.20 per page because Defendant did not present evidence demonstrating the reasonableness of the rate. However, courts have found that a copy rate of $0.20 per page is reasonable. *See Heneghan v. City of Chi.*, 2011 WL 4628705, at *2 (N.D. Ill. Oct. 3, 2011); *see also Vito & Nick's, Inc. v. Barraco*, 2008 WL 4594347, at *5 (N.D. Ill. Oct. 10, 2008). Accordingly, Defendant may recover $0.20 per page for in-house copies of documents.

   For the foregoing reasons, this Court awards costs in the amount of $2,629.69 to Defendant.

Date: **January 24, 2012**

**CHARLES P. KOCORAS**
**U.S. District Judge**